**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

---

**ANDY MICHAEL THOMPSON**,

    Plaintiff, Pro Se,

v.

**NEVADA SECRETARY OF STATE**,

    Defendant.

**Civil Action No.:** [To be assigned]



---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND EMERGENCY PRESERVATION UNDER 42 U.S.C. § 1983, 52 U.S.C. § 20701, and 28 U.S.C. § 1361**

---

**I. INTRODUCTION**

This is a federal civil rights action under **42 U.S.C. § 1983** seeking declaratory and injunctive relief to prevent the imminent and deliberate destruction of federally protected election records in violation of **52 U.S.C. § 20701**.

The Nevada Secretary of State, through Chief Deputy Attorney General Gregory D. Ott, has formally confirmed that beginning **July 21, 2025**, Dominion Voting Systems equipment used in the 2024 federal election will be overwritten with software version 5.20. This operation will permanently erase cast vote records (CVRs), election system logs, memory contents, audit metadata, and other election artifacts—despite the **mandatory 22-month federal retention requirement** and the fact that **litigation is pending**.

Ott's July 10, 2025 email to Plaintiff acknowledges this schedule and advises Plaintiff to consult a lawyer. This is an open declaration of intent to violate federal law under color of state authority.

Plaintiff seeks:

- Immediate **injunctive relief** (TRO and permanent injunction);
- A **declaratory judgment** affirming the violation of federal rights;

- A **mandamus order** compelling the Secretary of State to preserve all records under 52 U.S.C. § 20701; and
- Referral of Ott and all involved state officials to appropriate **disciplinary boards, the U.S. Department of Justice, and the FBI** for potential **criminal prosecution under 18 U.S.C. § 2071**.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under:

- **28 U.S.C. § 1331** (federal question),
- **28 U.S.C. § 1343** (civil rights),
- **28 U.S.C. § 1361** (mandamus), and
- **42 U.S.C. § 1983** (civil rights deprivation).

Venue is proper in the District of Nevada pursuant to **28 U.S.C. § 1391(b)** as the Defendant resides and the events giving rise to this claim occurred in Nevada.

## III. PARTIES

**Plaintiff** ANDY MICHAEL THOMPSON is a lawfully registered voter in Clark County, Nevada, a participant in the 2024 federal election, and the appellant in *Thompson v. Secretary of State*.

**Defendant** NEVADA SECRETARY OF STATE is Nevada's chief elections officer and is responsible for ensuring legal compliance with federal and state election law.

## IV. STANDING

Plaintiff has standing under Article III of the U.S. Constitution as clarified in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), because he faces:

- **Concrete and particularized harm**: imminent loss of election records he needs to challenge the 2024 federal election;
- **Traceable injury**: the action is directly authorized by the Secretary of State;

- **Redressability**: the Court can issue injunctive and declaratory relief to stop the destruction.

The Supreme Court in *Friends of the Earth v. Laidlaw*, 528 U.S. 167 (2000), held that when an agency's action credibly threatens harm to a legally protected interest, standing is satisfied.

## V. FACTUAL BACKGROUND

On July 10, 2025, Plaintiff received an email from Chief Deputy AG Gregory D. Ott stating:

"On July 18, the Secretary of State will notify the vendor and 15 county election officials that their change and modification requests to install the 5.20 update are approved. The installation of updates may begin approximately July 21st…"

No forensic images or preservation safeguards are in place.

This constitutes a **deliberate and open plan to violate 52 U.S.C. § 20701**, which mandates 22-month retention of "all records… relating to any act requisite to voting." Destruction of CVRs, tabulator logs, EMS metadata, and audit trails—**while litigation and appeal are pending**—is spoliation as defined in *Silvestri v. GM*, 271 F.3d 583 (4th Cir. 2001).

## VI. CLAIMS FOR RELIEF

### COUNT I – 42 U.S.C. § 1983

**Deprivation of Rights Under Color of State Law**

By authorizing the destruction of evidence critical to election challenge and redress, Defendant:

- Deprives Plaintiff of **procedural due process** (*Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982));
- Prevents meaningful litigation access, violating *Zinermon v. Burch*, 494 U.S. 113 (1990);
- Interferes with Plaintiff's First Amendment right to petition government (*BE & K Constr. Co. v. NLRB*, 536 U.S. 516 (2002)).

## COUNT II – 52 U.S.C. § 20701

**Violation of Federal Election Record Preservation Law**

52 U.S.C. § 20701 mandates retention of **all election records** for 22 months. The Secretary's authorized overwrites violate this directly. No statutory exemption exists for software updates.

The Court may take judicial notice that no forensic images are planned and that overwrite will eliminate logs and data material to federal oversight.

## COUNT III – 28 U.S.C. § 1361

**Mandamus for Failure to Perform Non-Discretionary Duty**

Preserving election records under 52 U.S.C. § 20701 is not discretionary. Under *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367 (2004), mandamus is appropriate where:

1. A clear legal duty exists;
2. Plaintiff has a clear right to relief;
3. No other adequate remedy exists.

All three are satisfied.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Issue a **Temporary Restraining Order** and **Preliminary Injunction** enjoining any overwrite or update to Dominion systems until complete forensic preservation is conducted;
2. Enter a **Declaratory Judgment** confirming that Defendant's conduct violates 52 U.S.C. § 20701 and Plaintiff's constitutional rights under the First and Fourteenth Amendments;
3. Issue a **Writ of Mandamus** compelling the Secretary of State to preserve all 2024 election-related records and systems for the full 22-month period;
4. Refer **Gregory D. Ott**, and all knowingly complicit officials, to:
    - The **Nevada State Bar** for disciplinary investigation;

- o The **U.S. Department of Justice, Office of Inspector General**;
- o The **Federal Bureau of Investigation (FBI)** under **18 U.S.C. § 2071**;

5. Award any further relief this Court deems just and proper, including costs and leave to amend.

## VIII. VERIFICATION

I, Andy Michael Thompson, declare under penalty of perjury that the facts stated above are true and correct to the best of my knowledge.

## VIII. VERIFICATION

I, Andy Michael Thompson, declare under penalty of perjury that the facts stated above are true and correct to the best of my knowledge.

**Respectfully submitted,**
/s/ Andy Michael Thompson
Andy Michael Thompson
1157 Teal Point Drive
Henderson, NV 89074
weareheavenbound@yahoo.com
(702) 467-4374
**Plaintiff, Pro Se**