# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Andy Michael Thompson, | Case No. 2:25-cv-01284-CDS-EJY |
| Plaintiff | **Order Striking Emergency Designation and Ordering Plaintiff to File Proof of Service** |
| v. | |
| Nevada Secretary of State, | [ECF Nos. 9, 10] |
| Defendant | |

Pro se plaintiff Andy Michael Thompson filed an emergency motion for temporary restraining order (TRO) and a separate emergency motion for expedited hearing. TRO mot., ECF No. 9; Hearing mot., ECF No. 10. Because I do not find that Thompson has met the standard for either of these motions to be considered an emergency, I strike the emergency designation.

The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency'." *Id.* When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c).

Generally speaking, an emergency motion is properly presented only when the movant has shown (1) that it will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, sufficient justification for

bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43.

  Here, Thompson alleges that the Dominion Voting System 5.20 update will "overwrite critical election records, including Cast Vote Records, tabulator logs, EMS metadata, and audit trails . . . ." ECF No. 9 at 2. Based on an attached email from Chief Deputy Attorney General Gregory Ott, the update "may begin approximately July 21st and continue through September 30th . . . ." ECF No. 9-1 at 4. Given that this update has apparently already begun, and Thompson requests that the Nevada Secretary of State be enjoined from "authorizing or implementing" the update, I find that this motion no longer constitutes an emergency at this time. Additionally, the entire briefing schedule, though in flux, as described below, should be completed well before the September 30, 2025 estimated finish date. *See* LR 7-2(b) ("[T]he deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion. The deadline to file and serve any reply in support of the motion is seven days after service of the response."). Therefore, I order that the "emergency" designation be stricken as to the TRO motion. Likewise, I find that because his motion for an expedited hearing seeks to expedite a hearing on the merits of the TRO, this motion is also no longer an emergency. *See* ECF No. 10 at 3 ("Plaintiff respectfully requests that the Court schedule an expedited hearing . . . to consider the Emergency Motion for Temporary Restraining Order."). I therefore order that the "emergency" designation be stricken for this motion as well.

  Having reviewed Thompson's two motions, I also note that neither includes proof of service. *See* LR 7-2(a) ("All motions—unless made during a hearing or trial—must be in writing and served on all other parties who have appeared."); LCR 47-4 ("All papers required or permitted to be served must, at the time they are presented for filing, be accompanied by written proof of service. The proof must show the day and manner of service and may be by written acknowledgment of service or written certificate by the person who served the papers."). For his TRO motion, there is no document attached indicating that it was served at all. *See* ECF No. 9;

2

1  Decl., ECF No. 9-1. In his hearing motion, he states that he emailed Ott on July 23, 2025, "to
2  notify him of my intent to file an Emergency Motion for [TRO], stating that copies of the motion
3  and supporting documents would be emailed and served by official mail, return receipt
4  requested, on July 24, 2025." ECF No. 10 at 2. He also attaches a "proof of service" for both
5  motions to his hearing motion, stating that "on July 24, 2025, I delivered a true and correct copy
6  of the Emergency Motion for [TRO], . . . and Emergency Motion for Expedited Hearing to Legal
7  Process Service, a professional process server, with instructions to serve by hand delivery to"
8  Ott's address. ECF No. 10-3 at 1. Thompson states that "[t]he process server will provide a Proof
9  of Service upon completion, which will be filed with the Court." *Id.* at 2. No such proper proof of
10 service has been filed as of July 28, 2025.

   Thompson is hereby ordered to provide proof of service for both motions. Once he has done so, the court will set a briefing schedule.

## Conclusion

IT IS THEREFORE ORDERED that the emergency designation in plaintiff's motion for a temporary restraining order [ECF No. 9] **is stricken**.

IT IS FURTHER ORDERED that the emergency designation in plaintiff's motion for an expedited hearing [ECF No. 10] **is stricken.**

IT IS FURTHER ORDERED that plaintiff must submit proof of service for both motions, at which point the court will set a briefing schedule.

Dated: July 29, 2025

_____
Cristina D. Silva
United States District Judge

3