Andy Michael Thompson
1157 Teal Point Drive
Henderson, NV 89074
weareheavenbound@yahoo.com
(702) 467-4374
Plaintiff, Pro Se

```
FILED         RECEIVED
ENTERED       SERVED ON
        COUNSEL/PARTIES OF RECORD

     NOV 0 5 2025

CLERK US DISTRICT COURT
   DISTRICT OF NEVADA
BY:              RJO/G   DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

**Andy Michael Thompson,** Plaintiff Pro Se,

v.

**Nevada Secretary of State,** Defendant.

Case No. 2:25-cv-01284-CDS-EJY

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOMINION VOTING SYSTEMS CONTRACTS AND TECHNICAL DOCUMENTATION

Pending before the Court is Plaintiff's Motion to Compel Production of Dominion Voting Systems Contracts and Technical Documentation. Having reviewed the Motion and good cause appearing,

**IT IS HEREBY ORDERED** that:

1. Defendant shall produce the documents described in Requests for Production Nos. 1 and 2 within **fourteen (14) days** of this Order;

1

2. The production shall include all contracts, amendments, statements of work, technical addenda, and technical data package materials in Defendant's possession that govern or reference Dominion Democracy Suite versions 5.17 and 5.20, including any clauses concerning data preservation or export during firmware updates; and

3. Should Defendant fail to comply with this Order without good cause, Plaintiff may move for appropriate sanctions and reasonable expenses under **Fed. R. Civ. P. 37(a)(5)**.

IT IS SO ORDERED.

DATED: _____  2025

**Cristina D. Silva**
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**Andy Michael Thompson,** Plaintiff Pro Se,

v.

**Nevada Secretary of State,** Defendant.

Case No. 2:25-cv-01284-CDS-EJY

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOMINION VOTING SYSTEMS CONTRACTS AND TECHNICAL DOCUMENTATION**

*(Fed. R. Civ. P. 26(d)(1), 34, 37; LR 26-1(d))*

## I. INTRODUCTION

Plaintiff moves for an order compelling Defendant to produce contracts and technical documentation in its possession governing **Dominion Democracy Suite versions 5.17 and 5.20**, including any provisions addressing data preservation, imaging, export, or installation procedures.

These materials are essential to Plaintiff's pending *Motion for Sanctions and Adverse Inference for Completed Spoliation of Federally Protected Election Records* (filed Nov 5, 2025) and cannot be obtained from any other source.

3

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 34(a)(1), a party may request documents within another party's possession, custody, or control that are relevant to any claim or defense.

Fed. R. Civ. P. 26(b)(1) authorizes discovery of non-privileged matter relevant and proportional to the needs of the case.

Early discovery may be ordered for good cause under Fed. R. Civ. P. 26(d)(1) and LR 26-1(d).

Good cause exists when the information sought is central to the claims and cannot otherwise be obtained without prejudice, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002).

## III. FACTUAL BASIS AND RECORD REFERENCES

1. **Confirmed Update Authorization.**

    The Court's *Order to Show Cause* (ECF 17 at 1–2) recognizes that "the Nevada Secretary of State, through Chief Deputy Attorney General Gregory D. Ott, confirmed that beginning July 21, 2025, [the] Dominion Voting Systems equipment used in the 2024

federal election will be overwritten with software version 5.20." (quoting ECF 1 at 1). This establishes the authorized overwrite window forming the factual basis of Plaintiff's preservation and spoliation claims.

2. **EAC Certification Record.**

   The *Election Assistance Commission* Test Report TR-01-01-DVS-2023-01.05 (Rev. 05, Jan 16 2025, § 2.2.1) documents that version 5.20 was regression-tested from version 5.17 rather than built as a new upgrade, confirming a replacement of existing firmware. See EAC Test Report.

3. **Absence of Public Preservation Directive.**

   As of this filing, no public directive by the Nevada Secretary of State requiring imaging or export of election data prior to the 5.20 installation has been located or produced. Any such directive, if it exists, is in Defendant's possession.

4. **Contractual Control.**

   Dominion contracts and statements of work define firmware-transition procedures and data-retention duties. Those documents

are directly relevant to the issues before the Court under 52 U.S.C. § 20701 and Fed. R. Civ. P. 37(e).

## IV. REQUESTS FOR PRODUCTION

**Request No. 1**

All contracts, amendments, statements of work, and technical addenda between the Nevada Secretary of State (or any county acting under NRS 293.124) and Dominion Voting Systems, Inc., from 2019 to present, referencing Democracy Suite versions 5.17 or 5.20, including provisions concerning:

- Data-preservation or retention requirements during firmware updates;
- Export or imaging protocols;
- "Clean-install" or re-image procedures; and
- Clauses invoking **HAVA** or **VVSG** compliance.

**Request No. 2**

All Dominion technical documentation, certification submissions, or Technical Data Package (TDP) materials provided to the Nevada Secretary of State in connection with the 5.17 → 5.20 transition, including installation, data-migration, or system-wipe procedures.

## V. GOOD-CAUSE SHOWING FOR EXPEDITED DISCOVERY

Good cause exists under Fed. R. Civ. P. 26(d)(1) and LR 26-1(d) because:

1. The requested materials are the only direct evidence of Nevada's contractual data-preservation obligations during the 5.17 to 5.20 update window recognized in ECF 17;
2. They are solely within Defendant's possession and cannot be obtained from any public source; and
3. Delay risks further loss of evidentiary context and continuing prejudice to Plaintiff's pending sanctions motion.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Order production of the documents described in Requests 1 and 2;

2. Shorten the response period to fourteen (14) days under Fed. R. Civ. P. 34(b)(2)(A);

3. Authorize expedited discovery under Fed. R. Civ. P. 26(d)(1) and LR 26-1(d); and

4. Award reasonable expenses if Defendant fails to comply, under Fed. R. Civ. P. 37(a)(5).

## VII. CONCLUSION

Because the Dominion contracts and technical data packages are indispensable to establishing the State's preservation obligations during the confirmed update period (ECF 17 at 1–2), Plaintiff requests an order compelling prompt production as narrowly defined above.

**DATED:** November 5, 2025

Respectfully submitted,

/s/ Andy Michael Thompson
1157 Teal Point Drive
Henderson, NV 89074
weareheavenbound@yahoo.com
(702) 467-4374
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I certify that on November 5, 2025, I served this **Motion to Compel Production** via email and U.S. Mail upon:

**Gregory D. Ott**
Chief Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson Street
Carson City, NV 89701
gott@ag.nv.gov

by electronic mail and by U.S. Mail, postage prepaid.

/s/ Andy Michael Thompson
Plaintiff Pro Se