UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDY MICHAEL THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA SECRETARY OF STATE,<br><br>Defendant. | Case No. 2:25-cv-01284-CDS-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Compel Production of Dominion Voting Systems Contracts and Technical Documentation. ECF No. 22.

Under Federal Rule of Civil Procedure 26(d) "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Plaintiff does not demonstrate that a Rule 26(f) conference has occurred and there is no discovery plan and scheduling order on file in this matter that would confirm this fact.

Further, good cause for early discovery under Rule 26 does not exist. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Am. LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1066 (C.D. Cal. 2009) ("The party seeking expedited discovery ... has the burden of showing good cause for the requested departure from usual discovery procedures") (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Here, Plaintiff argues early discovery should be granted because the documents sought through the two requests he includes in his Motion to Compel (ECF No. 22 at 6-7) seek the "only direct evidence of Nevada's contractual data-preservation obligations"; the documents are solely in Defendant's possession and control; and there is risk of "further" loss of evidence that will prejudice Plaintiff. *Id*. at 7.

      Plaintiff's arguments in favor of early discovery are not well taken. Defendant has an independent duty to preserve evidence, including electronically stored evidence, once it reasonably anticipates litigation. *Gonzalez v. Las Vegas Metropolitan Police Dept.*, Case No. 2:09-cv-00381-JCM-PAL, 2012 WL 1118949, at *5 (D. Nev. Apr. 2, 2012) ("A party must preserve evidence it knows or should know is relevant to a claim or defense by any party, or that may lead to the discovery of relevant evidence. ... The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation.") (internal citations omitted). There is no doubt the State is on notice of litigation and, thus, has a duty to preserve evidence it knows or should know is relevant to Plaintiff's claims or the State's defenses. For this reason, the fact that Defendant is in possession and control of the evidence and is the sole source of the evidence, as well as Plaintiff's concerns regarding alleged "further" loss of evidence do not demonstrate the need for early discovery.

      In light of the Court's prior concern regarding Plaintiff's standing to bring his claims (*see* ECF No. 17), which is not yet resolved, the Court concludes the interest of justice is not served by early discovery. Further, the Court is confident that the State has complied and will continue to comply with the duty to preserve relevant information. As explained in the concomitantly filed Order denying Plaintiff's Motion for Sanctions and Adverse Inference, Plaintiff offers no evidence that there has been a destruction of information by the State under circumstances that would support spoliation.

      Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Production of Dominion Voting Systems Contracts and Technical Documentation (ECF No. 22) is DENIED.

      Dated this 7th day of November, 2025.

                                                ELAYNA J. YOUCHAH
                                                UNITED STATES MAGISTRATE JUDGE