UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDY MICHAEL THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA SECRETARY OF STATE,<br><br>Defendant. | Case No. 2:25-cv-01284-CDS-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Sanctions and Adverse Inference for Completed Spoliation of Federally Protected Election Records. ECF No. 21. Plaintiff's Motion is, at best, premature. A review of the docket shows no discovery plan and scheduling order has issued and, thus, there is no evidence of the mandatory meet and confer that must occur before discovery ordinarily commences. Fed. R. Civ. P. 26(d). Although Plaintiff currently seeks early discovery (*see* ECF No. 22), there is nothing before the Court demonstrating that before the instant Motion was filed documents were sought but could not be produced because they'd been spoliated.

Spoliation is a serious allegation that the court must carefully analyze. Spoliation is defined as:

> the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. ... A party must preserve evidence it knows or should know is relevant to a claim or defense by any party, or that may lead to the discovery of relevant evidence. ... The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation.

*Gonzalez v. Las Vegas Metropolitan Police Dept.*, Case No. 2:09-cv-00381-JCM-PAL, 2012 WL 1118949, at \*5 (D. Nev. Apr. 2, 2012) (internal citations omitted). The party seeking sanctions has the burden of proving "by a preponderance of the evidence that the accused party actually destroyed, altered, or failed to preserve relevant evidence." *U.S. E.E.O.C. v. Wedco, Inc.*, Case No. 3:12-cv-00523-RCJ-VPC, 2014 WL 4635678, at \*2 (D. Nev. Sept. 15, 2014), *citing LaJocies v. City of N. Las Vegas*, Case No. 2:08-cv-00606-GMN-GWF, 2011 WL 1630331, at \*1 (D. Nev. Apr. 28, 2011).

Plaintiff's Motion does not, and at this juncture cannot, demonstrate there was destruction or significant alteration of evidence known or that should have been known to be relevant to anticipated litigation as no discovery has been conducted that would ferret out these facts. Indeed, Plaintiff does not make clear, and does not show, he sought information from Defendant and Defendant was unable to produce such information. Plaintiff's concomitantly filed Motion to Compel also does not support this conclusion. And, Plaintiff does not demonstrate that at a time when relevant evidence was supposedly altered or destroyed Defendant could reasonably foresee Plaintiff's litigation.

Further, to the extent Plaintiff contends the evidence spoliated was electronically stored information (ESI), Rule 37(e) of the Federal Rules of Civil Procedure applies. Under this Rule before Plaintiff might be entitled to an adverse inference, he would have to prove Defendant "'acted with the intent to deprive … [him] of the information's use in th[is] … litigation.'" *Collins v. Autozone, Inc.*, Case No. 2:22-cv-00316-CDS-BNW, 2024 WL 1054684, at *3 (D. Nev. Mar. 11, 2024). Plaintiff cannot demonstrate the requisite intent until he can show that Defendant spoliated for purposes of depriving him of the relevant information he seeks. In sum, Plaintiff's Motion for Sanctions and Adverse Inference is premature.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions and Adverse Inference for Completed Spoliation of Federally Protected Election Records (ECF No. 21) is DENIED.

Dated this 7th day of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE