1

2                          UNITED STATES DISTRICT COURT
                                DISTRICT OF NEVADA
3

4  Andy Michael Thompson,                       Case No. 2:25-cv-01284-CDS-EJY

5                    Plaintiff                   **Order Dismissing Complaint Without
                                                Prejudice and With Leave to Amend,**
6  v.                                            **Denying Plaintiff's Motions, Overruling**
                                                **Objection, and Striking Improperly Filed**
7  Nevada Secretary of State,                    **Notices**

8                    Defendant                   [ECF Nos. 9, 10, 19, 20, 25, 27,
                                                      29, 32, 33, 34]
9

10        On October 6, 2025, I issued an order to show cause (OTSC) in this action, requiring

11  plaintiff Andy Thompson to show cause as to why this action should not be dismissed for lack of

12  standing. OTSC, ECF No. 17. Thompson filed a timely response on October 22, 2025. Resp., ECF

13  No. 18. Also pending is Thompson's objection to two orders issued by the magistrate judge, two

14  motions for a hearing, and a motion for temporary restraining order. ECF Nos. 10, 25, 32. For the

15  reasons set forth herein, I dismiss the complaint without prejudice and with leave to amend. I

16  deny all pending motions and overrule the pending objection. Finally, I strike several improperly

17  filed notices.

18  I.      Background[1]

19        As set forth in the OTSC, Thompson is a registered voter in Clark County, Nevada, and

20  "a participant" in the 2024 federal election. Compl., ECF No. 1. He brings this purported

21  42 U.S.C. § 1983 action seeking declaratory and injunctive relief to prevent alleged "imminent

22  and deliberate destruction of federally protected election records in violation of 52 U.S.C. §

23  20701." *Id.* Specifically, Thompson seeks "[i]mmediate injunctive relief (TRO and permanent

24  injunction)," a "declaratory judgment affirming the violation of federal rights," a "mandamus

25

26  _____
    [1] Unless otherwise noted, the court only cites to Thompson's original complaint (ECF No. 1) to provide
    context to this action, not to indicate a finding of fact.

1 order compelling the Secretary of State to preserve all records under 52 U.S.C. § 20701," and a

2 "[r]eferral of Ott and all involved state officials to appropriate disciplinary boards, the U.S.

3 Department of Justice, and the FBI for potential criminal prosecution under 18 U.S.C. § 2071."

4 ECF No. 1 at 1–2 (emphasis omitted).

5 II.　　Discussion

6 　　　　A.　The complaint is dismissed for lack of subject matter jurisdiction.

7 　　　　　Because this court is one of limited jurisdiction,[2] I ordered Thompson to show cause as

8 to which allegations in the complaint give rise to standing in this court. *See* ECF No. 17. In his

9 response, Thompson argues that "Defendant's destruction of 2024 election records during

10 litigation violates 52 U.S.C. § 20701 and NRS 293.391(1)."[3] ECF No. 18. Based on this, Thompson

11 further asserts that, as "a duly registered Nevada voter," the deprivation of "his statutory right to

12 access and verify records for the mixed 2024 election" constitutes a concrete injury, and

13 therefore, his claim gives rise to both "federal question (28 U.S.C. § 1331) and civil rights (28

14 U.S.C. § 1343) jurisdiction." *Id.* at 2. But I find Thompson's arguments unpersuasive on three

15 fronts.

16 　　　　　First, Thompson errs in his assertion that 52 U.S.C. § 20701 confers jurisdiction over this

17 action. Numerous courts across the country have found that "52 U.S.C. § 20701 does not confer a

18 private right of action." *Fox v. Lee*, 2019 WL 13141701, at *1 (N.D. Fla. Apr. 2, 2019); *Ickles v.*

19 *Whitmer*, 2022 WL 4103030, at *3 (W.D. Mich. Sept. 8, 2022) (finding that "52 U.S.C. [§] 20701

20 likely does not create a private right of action"); *Soudelier v. Dep't of State La.*, 2022 WL 3686422, at

21 *1 (E.D. La. Aug. 25, 2022) (finding that the plaintiff's motion fails because the statutes under

22 which plaintiff seeks relief, which included 52 U.S.C. § 20701, do not confer private rights of

23 action); *Ayyaduri v. Galvin*, 560 F. Supp. 3d 406, 408–09 (D. Mass. 2021) ("Plaintiff had also failed

24 

---

25 [2] Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up).

26 [3] The complaint does not bring a claim, nor set forth any allegations or claims under Nevada Revised Statute 293.391(1). I therefore disregard this part of Thompson's response.

1    to plead a plausible claim for which relief could be granted because the Complaint only alleged

2    that Secretary Galvin had failed to preserve ballot images in violation of 52 U.S.C. §§ 20701-

3    20702, which do not provide a private right of action."). I agree with the conclusion set forth in

4    these decisions and adopt it here. Indeed, 52 U.S.C. § 20703 explicitly states that the Attorney

5    General or his representative has the authority to demand records for inspection, reproduction;

6    there is no provision permitting anyone else to make such a demand. *See* 52 U.S.C. § 20703.

7    Because 52 U.S.C. § 20701 does not confer a private right of action, Thompson cannot rely on

8    that statute as a statutory basis for jurisdiction.

9         Second, Thompson's argument that there is jurisdiction under 28 U.S.C. §§ 1331 and 1343

10   likewise fails. The complaint generically asserts that Thompson's procedural due process rights

11   were deprived, and that his access to meaningful litigation and to petition the government was

12   prevented and interfered with. ECF No. 1 at 3–4. But the complaint nor the response to the show

13   cause order explain what gives rise to jurisdiction under 42 U.S.C. § 1983, much less does it state

14   a claim under that statute.

15        As explained in the OTSC, for Thompson to state a claim "under § 1983, [he] must allege

16   the violation of a right secured by the Constitution and laws of the United States, and must

17   show that the alleged deprivation was committed by a person acting under color of state law."

18   ECF No. 17 at 4 (citing *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1108 (9th Cir. 2022)

19   (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988))). While Thompson does have due process rights,

20   it remains unclear how Thompson's due process rights were violated based on the limited

21   allegations in the complaint. And Thompson's response to the OTSC does not provide any

22   further explanation or clarification. The record does reveal however that Thompson has had

23   (and continues to have) access to courts: he has brought not only this action, but a related state

24   action. Thus, even liberally construing the complaint, I do not see how this court has jurisdiction

25   over this action.

26

3

1    Third and finally, Thompson's response to the OTSC fails to establish that he had "a

2    personal stake in the outcome" of the 2024 elections, *Baker v. Carr*, 369 U.S. 186 (1962), a link

3    between his voter status and the 2024 election, nor has he provided support to establish he

4    suffered "an invasion of legally protected interest." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560

5    (1992). Neither his OTSC response nor the complaint sets out any information showing a

6    *personal* injury resulting from the destruction of election records. Instead, he summarily contends

7    that as a voter he has a "substantive right . . . to verify federal and state election integrity." ECF

8    No. 18 at 3. But Thompson cites no points or authorities to support this assertion, and 52 U.S.C.

9    § 20701–20703 does not provide that a citizen has a right to this information. *Compare Fed. Election*

10   *Comm'n v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an injury in fact when the plaintiff

11   fails to obtain information which **must be** publicly disclosed pursuant to a statute.") (cleaned

12   up) (emphasis added); *Public Citizen v. Department of Justice*, 491 U.S. 440, 449 (1989) (holding that

13   the failure to obtain information **subject to disclosure** under Federal Advisory Committee Act

14   constituted a "sufficiently distinct injury" to confer standing to sue) (emphasis added). Because

15   Thompson failed to establish "actual injury and redressability, there is no case or controversy

16   under Article III of the federal constitution and no federal jurisdiction." *See Bell v. City of Kellog*,

17   922 F.2d 1418, 1422 (9th Cir. 1991) (explaining federal courts are not forums for hearing

18   generalized grievances by citizens, and a party must assert his own rights); *see also Drake v. Obama*,

19   664 F.3d 774, 782 (9th Cir. 2011) (affirming the district court's dismissal of claims for lack of

20   standing and finding that the plaintiff, as a voter, had "no greater stake in this lawsuit than any

21   other United States citizen" and that his alleged injury was merely a "'generalized interest of all

22   citizens in constitutional governance' which is insufficient to satisfy the requirements of

23   standing") (citation omitted). Consequently, the complaint fails to demonstrate that Thompson

24   has standing to bring this action.

25       Simply put, neither the complaint nor Thompson's response to the OTSC demonstrates

26   he has standing to bring this action. However, under Rule 15(a), a court should "freely" give

leave to amend "when justice so requires," and in the absence of a reason such as "undue delay,

bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by

amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court

has serious doubts that Thompson will be able to cure the subject matter jurisdiction issue

present in this action. But because leave to amend should be granted unless the deficiencies of

the complaint clearly cannot be cured by amendment, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d

655, 658 (9th Cir. 1992), I dismiss the complaint without prejudice and with leave to amend.

Further instructions are provided in the conclusion.

### B. Thompson's motions are denied, and the objection is overruled (ECF Nos. 9, 10, 25).

Because this court lacks subject matter jurisdiction and the complaint is dismissed, I

deny the following motions: motion for a temporary restraining order (ECF No. 9), motion for

expedited hearing (ECF No. 10), and the motion to expedite ruling (ECF No. 32).[4] Thompson is

cautioned that motions for hearing and motions for expedited treatment are disfavored. If a

court needs a hearing, one will be set. Any requests for expedited treatment are akin to seeking

emergency treatment. As previously explained to Thompson; to file an emergency motion, a

party must comply with Local Rule 7-4. *See* ECF No. 8. Thompson did not comply with LR 7-4

in filing his motion for an expedited hearing.

I also overrule without prejudice Thompson's objection to the magistrate judge's orders

(ECF No. 25) because I lack subject matter jurisdiction. If Thompson elects to file a first

amended complaint, the court will determine if it must resolve the objection on the merits.

---

[4] Thompson filed a supplement to his motion to expedite. Supplementation is not permitted without leave of court, so the filing at ECF No. 33 is stricken. *See* LR 7-2(g) ("Supplementation prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court.").

1      **C.  Thompson's notices are stricken as improper (ECF Nos. 19, 20, 27, 29, 34).**

2          The court has authority to strike an improper filing under its inherent power to control

3  its docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). That is because

4  "[e]very paper filed with the . . . [court], no matter how repetitious or frivolous, requires some

5  portion of the institution's limited resources," and "part of the Court's responsibility is to see

6  that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*,

7  489 U.S. 180, 184 (1989).

8          Here, Thompson has filed four separate improper "notices." *See* ECF Nos. 19, 20, 27, 29,

9  34.[5] Notices are a type of filing that should rarely be used and only for administrative

10 functions—such as notifying the court of an address change or informing the court that an

11 attorney is appearing to represent a client. *See, e.g.*, LR IA 3-1 (notifying court of a change of

12 contact information); LR IA 1-4 (submitting a notice of an in-camera submission); LR IC 1-1(d)

13 (notices of manual filings). Notices cannot, however, be used to make the court's docket a

14 repository for allegations or alleged discovery. *See Hinojos v. Weir*, 2025 WL 2337103, at *2 (D.

15 Ariz. Aug. 12, 2025) ("The court's docket is not a repository for the parties' evidence."); *see also*

16 *Dillon v. Corr. Corp. of Am.*, 2021 U.S. Dist. LEXIS 272388, at *3 (D. Nev. July 19, 2021) ("The Court's

17 docket is not a repository for miscellaneous documents that a litigant believes may support his

18 claims."). All court filings requesting relief or requesting that the court make a ruling or take an

19 action of any kind must be in the form of a motion and filed in accordance with the Federal

20 Rules of Civil Procedure and the Local Rules. *See* Fed. R. Civ. P. 7; LR 7-2. Accordingly, because

21 Thompson's notices are improperly filed, they are hereby stricken.

22

23

24

25 _____

[5] Excluded from this list is the notice of non-opposition docketed at ECF No. 28. That notice was
26 properly filed.

III.    Conclusion

IT IS ORDERED that the complaint dismissed without prejudice. If Thompson elects to file an amended complaint, he has until January 26, 2026, to do so, and it must be titled "First Amended Complaint." Thompson is not permitted to bring any new claims or name any new defendants.

IT IS FURTHER ORDERED that Thompson's motion for a temporary restraining order, request for an expedited hearing, and the motion to expedite ruling **[ECF Nos. 9, 10, 32] are denied.**

IT IS FURTHER ORDERED that the notices filed at **[ECF Nos. 19, 20, 27, 29, 34]**, the plaintiff's motion to expedite ruling **[ECF No. 32]**, and the plaintiff's supplement **[ECF No. 33] are stricken.**

IT IS FURTHER ORDERED that the plaintiff's objection **[ECF No. 25] is overruled without prejudice.**

Dated: January 12, 2026

_____
Cristina D. Silva
United States District Judge